<pre>
 1                    UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4     UNITED STATES OF AMERICA,           .
                                           .
 5            PLAINTIFF,                    . NO. 08-CR-00128-BEN
                                           .
 6            V.                            . APRIL 21, 2008
                                           .
 7     JOSE LUIS RIOS-FLORES,              . 10:20 A.M.
                                           .
 8            DEFENDANT.                    . SAN DIEGO, CALIFORNIA
       . . . . . . . . . . . . . . . . .   .
 9     .

10

11     TRANSCRIPT OF ACCEPTANCE OF PLEA, WITH PROBATION OFFICER'S
                               REPORT
12             BEFORE THE HONORABLE ROGER T. BENITEZ
                     UNITED STATES DISTRICT JUDGE
13

14        APPEARANCES:

15

16        FOR THE PLAINTIFF:   U.S. ATTORNEY'S OFFICE
                               SOUTHERN DISTRICT OF CALIFORNIA
17                             BY:  CHRISTOPHER M. ALEXANDER, ESQ.
                               880 FRONT STREET, ROOM 6293
18                             SAN DIEGO, CALIFORNIA  92101

19        FOR THE DEFENDANT:   FEDERAL DEFENDERS OF SAN DIEGO
                               BY:  JOSEPH M. MC MULLEN, ESQ.
20                             225 BROADWAY, SUITE 900
                               SAN DIEGO, CALIFORNIA  92101

21        COURT REPORTER:      DEBORAH M. O'CONNELL, RPR, CSR
                               880 FRONT STREET, ROOM 4290
22                             SAN DIEGO, CALIFORNIA, 92101

23        ALSO PRESENT:        MARIA PAZ-SANDOVAL, INTERPRETER

24                             LORI BRYANT, PROBATION DEPARTMENT

25     REPORTED BY STENOTYPE, TRANSCRIBED BY COMPUTER
</pre>

1          SAN DIEGO, CALIFORNIA, APRIL 21, 2008, 10:20 A.M.

2                              * * * *

3          THE CLERK:  FIVE ON CALENDAR, CASE NO. 08-CR-0128,

4    USA V. LUIS RIOS-FLORES, ACCEPTANCE OF PLEA, WITH PROBATION

5    OFFICER'S REPORT.

6          MR. MC MULLEN:  GOOD MORNING, YOUR HONOR.  JOSEPH

7    MC MULLEN, FEDERAL DEFENDERS, ON BEHALF OF MR. RIOS-FLORES.

8          MR. ALEXANDER:  GOOD MORNING, YOUR HONOR.

9    CHRISTOPHER ALEXANDER, ON BEHALF OF THE UNITED STATES.

10          MR. MC MULLEN:  YOUR HONOR, MR. RIOS-FLORES IS

11   ARRIVING BEFORE THE COURT.  HE WILL BE ASSISTED BY THE

12   COURT-CERTIFIED, SPANISH-SPEAKING INTERPRETER.

13          THE COURT:  THIS MATTER IS SET FOR ACCEPTANCE OF PLEA

14   AND SENTENCING THIS MORNING.  I'VE REVIEWED THE PLEA AGREEMENT,

15   AND I'VE REVIEWED THE FINDINGS AND RECOMMENDATIONS OF THE

16   MAGISTRATE JUDGE, AND I NOTE THERE ARE NO OBJECTIONS.

17       I'VE REVIEWED THE PRESENTENCE REPORT; I'VE REVIEWED THE

18   DEFENDANT'S SENTENCING MEMORANDUM; I'VE REVIEWED THE

19   GOVERNMENT'S SENTENCING SUMMARY CHART.  AFTER REVIEWING THOSE

20   DOCUMENTS, IT APPEARS THAT THE DEFENDANT DID KNOWINGLY,

21   INTELLIGENTLY, VOLUNTARILY, AND EXPRESSLY ENTER A GUILTY PLEA.

22       HE UNDERSTOOD THE NATURE OF THE CHARGES; HE UNDERSTOOD THE

23   CONSEQUENCES OF ENTERING THE PLEA; HE UNDERSTOOD HIS RIGHTS; HE

24   WAIVED HIS RIGHTS.  AND IT APPEARS THERE IS A FACTUAL BASIS FOR

25   THE ENTRY OF THE PLEA; THEREFORE, THE PLEA WILL BE ACCEPTED.

1    I'LL NOTE THAT UNDER BOOKER, THE GUIDELINES ARE ADVISORY ONLY.

2    I'LL IMPOSE SENTENCE BASED ON 3553(A) FACTORS.

3        MR. MC MULLEN, DO YOU ACKNOWLEDGE THAT IF I IMPOSE A

4    SENTENCE WITHIN THE GUIDELINE RANGE, THAT THE DEFENDANT HAS

5    WAIVED AND GIVEN UP ALL RIGHTS TO APPEAL AND COLLATERAL ATTACK?

6        MR. MC MULLEN:  YES, YOUR HONOR.

7        THE COURT:  MR. RIOS-FLORES, DO YOU ACKNOWLEDGE THAT

8    IF I IMPOSE A SENTENCE WITHIN THE GUIDELINE RANGE, YOU'VE

9    WAIVED AND GIVEN UP ALL RIGHT TO APPEAL AND COLLATERAL ATTACK?

10        THE DEFENDANT:  YES, YOUR HONOR.

11        THE COURT:  ALL RIGHT.  LET ME JUST TELL YOU, I NOTE

12    THAT THE GOVERNMENT HAS RECOMMENDED 18 MONTHS IN THIS CASE.

13    I'VE REVIEWED THE SENTENCING MEMORANDUM, AND I CAN'T GO ALONG

14    WITH THE GOVERNMENT'S RECOMMENDATION OF 18 MONTHS.

15        MR. RIOS-FLORES WAS JUST CONVICTED OF AN IDENTICAL OFFENSE

16    IN 2006, AND HE WAS SENTENCED TO 13 MONTHS IN PRISON.  HE WAS

17    RELEASED IN SEPTEMBER OF '07, AND HE JUST TRIED TO DO IT AGAIN,

18    AND I MIGHT ADD, UNDER VERY SIMILAR CIRCUMSTANCES.  IF I'M NOT

19    MISTAKEN, BOTH CIRCUMSTANCES REQUIRED OR INVOLVED THE USE OF

20    DOCUMENTS THAT HAD BEEN ALTERED.

21        MR. MC MULLEN:  THAT'S CORRECT, YOUR HONOR.

22        THE COURT:  ALL RIGHT.  THIRTEEN MONTHS DIDN'T WORK.

23    I HAVE NO REASON TO BELIEVE THAT 18 MONTHS WILL WORK, SO I'M

24    GOING TO IMPOSE THE MAXIMUM SENTENCE OF 24 MONTHS.

25        MR. MC MULLEN, I HAVE GOT SOME TIME.  I WILL LISTEN TO YOU

1   IF YOU WANT TO TRY TO TALK ME OUT OF THAT SENTENCE.  I WILL

2   INDICATE, HOWEVER, THAT I DO RESERVE THE RIGHT TO IMPOSE A

3   HIGHER SENTENCE, AND UNDER BOOKER, I'M NOT BOUND BY THE

4   GUIDELINES, SO YOU MAY JUST WISH TO SUBMIT THE MATTER.

5           MR. MC MULLEN:  YOUR HONOR, I WOULD JUST LIKE TO

6   BRIEFLY ADDRESS THIS MATTER.  I THINK THAT -- OF COURSE, IT'S

7   EXACTLY WHAT I WANTED TO DO, ADDRESS THIS COURT, BECAUSE OF

8   COURSE I COULD SEE IT WOULD BE OF PARTICULAR CONCERN TO THE

9   COURT THAT THERE WAS THE AGGRAVATING CIRCUMSTANCES OF SIMILAR

10  PRIOR ACTIVITY.

11      SO WE HAVE THIS AGGRAVATING FACTOR THAT SOMETIMES IS

12  ABSENT IN OTHER CASES.  BUT I THINK ONE THING WE DO HAVE HERE,

13  THAT WE'VE SET FORTH IN OUR SENTENCING MEMORANDUM, IS THAT

14  THERE ARE PARTICULAR POSITIVE FACTORS IN THIS CASE, MITIGATING

15  FACTORS.

16      MR. RIOS-FLORES, AS I'VE SAID BEFORE, HAS LIVED A VERY

17  ADMIRABLE LIFE.  AND THE PART THAT IS ADMIRABLE IS NOT THE

18  EARLY SPORTS ACHIEVEMENTS THAT MAKE HIM -- QUALIFY HIM FOR THE

19  NATIONAL SWIMMING TEAM IN MEXICO CITY FOR THE OLYMPICS IN 1968,

20  THE MIDDLE WEIGHT BOXING TITLE IN 1972.  THE ADMIRABLE PART, AS

21  SET FORTH IN THE LETTERS OF HIS FAMILY, IS THE FACT THAT HE

22  APPLIED THAT ENTHUSIASM FOR SPORTS TO HELP AND INSPIRE NOT JUST

23  THE PEOPLE IN HIS OWN FAMILY, BUT PEOPLE AROUND HIM.

24      HE VOLUNTEERED WORKING AS A LIFEGUARD.  HE ALSO WORKED

25  WITH PHYSICALLY-CHALLENGED PEOPLE IN A NUMBER OF VOLUNTEER

1   TYPES OF PROGRAMS, AND THAT'S HAD THE EFFECT OF -- I MEAN HIS

2   CHILDREN REALLY LOOK UP TO THAT AND SORT OF FOLLOW THE SAME

3   PATHS.

4       THESE CIRCUMSTANCES HERE, CERTAINLY WE HAVE SOMEONE WHOSE

5   FAMILY IS HERE IN THE UNITED STATES, AND THAT WAS THE

6   MOTIVATION BEHIND THIS.  SO WE WOULD JUST ASK THAT YOUR HONOR

7   CONSIDER THE PARTICULAR AND VERY UNIQUE MITIGATING FACTORS IN

8   THIS CASE, AND THAT'S WHY WE'RE REQUESTING THE JOINT

9   RECOMMENDATION OF 18 MONTHS.

10      AND I'D ALSO POINT OUT TO THE COURT THAT NEXT MONDAY,

11  MR. RIOS-FLORES FACES SENTENCING BEFORE JUDGE HAYES FOR THE

12  LAST MATTER.  AND THE PROBATION OFFICE IN THAT CASE HAS

13  RECOMMENDED THE HIGH END OF THE GUIDELINE RANGE, TEN ADDITIONAL

14  MONTHS CONSECUTIVE TO THIS SENTENCE.

15          THE COURT:  ALL RIGHT.  WELL, GIVEN THAT I'M IMPOSING

16  SENTENCE FIRST, I SUPPOSE THAT JUDGE HAYES CAN TAKE THAT INTO

17  CONSIDERATION IF HE THINKS IT'S APPROPRIATE.

18      MR. ALEXANDER, ANYTHING YOU WISH TO ADD?

19          MR. ALEXANDER:  NO, YOUR HONOR.  THANK YOU.

20          THE COURT:  DOES PROBATION HAVE ANYTHING?

21          PROBATION OFFICER:  WE HAVE NO ADDITIONAL

22  INFORMATION, YOUR HONOR.

23          THE COURT:  MR. RIOS-FLORES, YOU HAVE A RIGHT TO

24  ADDRESS THE COURT BEFORE I IMPOSE SENTENCE.  IS THERE ANYTHING

25  YOU WISH TO ADD, SIR?

1          THE DEFENDANT:  NO, YOUR HONOR.

2          THE COURT:  ALL RIGHT.  WELL, MR. MC MULLEN, YOU

3     PRESENT A GOOD ARGUMENT ON BEHALF OF YOUR CLIENT, BUT

4     UNFORTUNATELY, I DON'T THINK ANY OF THAT DETRACTS FROM THE FACT

5     THAT, AS I SAID, HE WAS JUST CONVICTED OF THIS OFFENSE IN 2005.

6     AND NOT ONLY WAS IT THE SAME OFFENSE, BUT IT EVEN INVOLVED THE

7     SAME AGGRAVATING FACTORS OF USING FALSE OR FALSIFIED DOCUMENTS.

8          AS I SAID, 13 MONTHS DIDN'T SEND THE MESSAGE, SO I DON'T

9     KNOW WHY 18 MONTHS WOULD.  BUT MAYBE 24 MONTHS WILL.  AND

10    PERHAPS JUDGE HAYES WILL GIVE HIM THE ADDITIONAL 10 MONTHS

11    CONSECUTIVE; PERHAPS HE WON'T.  I DON'T KNOW.  BUT I THINK 24

12    MONTHS IS REASONABLE.

13         SO I'M GOING TO REMAND HIM TO THE CUSTODY OF BUREAU OF

14    PRISONS FOR A PERIOD OF 24 MONTHS.  I'LL PLACE HIM ON

15    SUPERVISED RELEASE FOR A PERIOD OF THREE YEARS.  AS A CONDITION

16    OF SUPERVISED RELEASE, HE WILL OBEY ALL LAWS, INCLUDING STATE,

17    COUNTY, AND FEDERAL.

18         ONE OF THOSE LAWS, SIR, IS THAT YOU NOT ATTEMPT TO ENTER,

19    ENTER, OR BE FOUND IN THE UNITED STATES WITHOUT OFFICIAL

20    PERMISSION OF THE UNITED STATES GOVERNMENT.  IF YOU'RE

21    DEPORTED, EXCLUDED, OR ALLOWED TO VOLUNTARILY RETURN TO MEXICO,

22    YOU WILL NOT REENTER THE UNITED STATES ILLEGALLY AND WILL

23    REPORT TO YOUR PROBATION OFFICER WITHIN 24 HOURS OF ANY

24    REENTRY.  SUPERVISION WILL BE WAIVED UPON YOUR DEPORTATION,

25    EXCLUSION, OR VOLUNTARY DEPARTURE.

1      THE GUIDELINE RANGE FOR THE FINE IN THIS CASE APPEARS TO

2  BE IN THE RANGE OF $3,000 TO $30,000; HOWEVER, IT DOES NOT

3  APPEAR HE HAS THE ABILITY TO PAY ANY FINE, SO NO FINE WILL BE

4  IMPOSED.  I WILL ORDER THAT HE PAY $100 SPECIAL ASSESSMENT.

5      COUNSEL, IF YOU'LL PLEASE COME UP AND PICK UP A COPY OF

6  THE SUPERVISED RELEASE CONDITIONS.

7      MR. RIOS-FLORES, YOU HAVE IN YOUR HAND A COPY OF THE

8  SUPERVISED RELEASE CONDITIONS.  PLEASE KEEP IN MIND IF YOU

9  VIOLATE THE CONDITIONS, SIR, YOU CAN BE PLACED IN CUSTODY FOR

10 UP TO AN ADDITIONAL 3 YEARS OVER AND ABOVE THE 24 MONTHS THAT

11 I'VE ALREADY IMPOSED.

12     I'LL GO THROUGH THE GUIDELINE CALCULATIONS FOR PURPOSES OF

13 THE RECORD.  THIS APPEARS TO BE A BASE OFFENSE LEVEL 12,

14 ENHANCED TO 18, UNDER 2L1.1(B)(6).  THE GOVERNMENT HAS MOVED,

15 THEREFORE THE COURT WILL AGREE, TO A 3-LEVEL REDUCTION FOR

16 ACCEPTANCE OF RESPONSIBILITY, AND A 2-LEVEL DEPARTURE FOR

17 FAST-TRACK, WHICH RESULTS IN AN ADJUSTED OFFENSE LEVEL OF 13; A

18 CRIMINAL HISTORY SCORE OF V, CRIMINAL HISTORY CATEGORY 3,

19 RESULTS IN A GUIDELINE RANGE OF 18 TO 24 MONTHS.  CONSIDERING

20 THE 3553(A) FACTORS, I BELIEVE THAT 24 MONTHS IS REASONABLE.

21     IS THERE ANYTHING THAT I'VE OVERLOOKED, ANYTHING I'VE

22 OMITTED TO ADDRESS, ANYTHING WE SHOULD TALK ABOUT?

23 MR. ALEXANDER?

24          MR. ALEXANDER:  YOUR HONOR, I DIDN'T HEAR, DID THE

25 COURT IMPOSE THE $100 SPECIAL ASSESSMENT?

1          THE COURT:  THAT IS VERY -- I DID, ACTUALLY.  BUT

2    THANK YOU.  I APPRECIATE YOU MENTIONING THAT.  VERY TACTFULLY

3    DONE, I MIGHT ADD.

4        MR. MC MULLEN?

5          MR. MC MULLEN:  YOUR HONOR, WE WOULD JUST ASK FOR A

6    RECOMMENDATION TO THE BUREAU OF PRISONS, THAT MR. RIOS-FLORES

7    BE PLACED AS CLOSE AS POSSIBLE TO VISTA, CALIFORNIA AS

8    POSSIBLE.  I'M NOT SURE IF THAT WOULD BE BEST LEFT TO THE

9    SOUTHERN DISTRICT OF CALIFORNIA OR THE WESTERN REGION --

10          THE COURT:  LET ME, NOT AS PART OF MY JUDGMENT,

11    PROVIDED THAT IT IS CONSISTENT WITH THE BUREAU OF PRISONS'

12    HOUSING NEEDS, REQUIREMENTS, REGULATIONS, BUDGETARY

13    CONSTRAINTS, SECURITY RULES, ETC., THAT TO THE EXTENT THEY CAN

14    DO SO, THEY HOUSE MR. RIOS-FLORES IN A FACILITY THAT IS NEAR

15    VISTA, CALIFORNIA, EITHER IN THE SOUTHWESTERN REGION OF THE

16    UNITED STATES OR THE WESTERN REGION OF THE UNITED STATES.

17        ANYTHING ELSE?

18          MR. MC MULLEN:  THAT'S ALL, YOUR HONOR.  THANK YOU.

19          THE COURT:  THANK YOU.

20        (RECESS AT 10:31 A.M.)

21                        ---000---

22

23

24

25

1

2

3                        C-E-R-T-I-F-I-C-A-T-I-O-N

4          I HEREBY CERTIFY THAT I AM A DULY APPOINTED,

5   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED

6   STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT

7   TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE;

8   THAT SAID TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPTION OF MY

9   STENOGRAPHIC NOTES; AND THAT THE FORMAT USED HEREIN COMPLIES

10  WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL

11  CONFERENCE.

12          DATED:  APRIL 21, 2008, AT SAN DIEGO, CALIFORNIA.

13

14          _____

                DEBORAH M. O'CONNELL, CSR #10563
15              REGISTERED PROFESSIONAL REPORTER

16

17

18

19

20

21

22

23

24

25